**Amrik SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75869.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Edward P. Sullivan, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD and BERZON, Circuit Judges.

## MEMORANDUM **

Amrik Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming without opinion an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Reviewing for substantial evidence, *see Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004), we conclude the record supports the IJ's adverse credibility determination. Among other discrepancies, Singh testified that he was an active member in the political party led by Simranjit Singh Mann but was unable to provide the official name of the party. Moreover, Singh affirmatively testified that his party's candidate, Varinder Singh, won the February 2002 election and was the "President of Punjab." However, uncontradicted record evidence shows Varinder Singh placed fifth in that election, garnering only 3.99% of the vote. Because Singh claimed that police persecuted him on account of his membership in Mann's party, these inconsistencies go to the heart of Singh's claim and, thus, properly support the IJ's adverse credibility finding. *See id.* at 1141–43 (upholding IJ's adverse credibility finding based, in part, on petitioner's lack of knowledge about the political organization in which his claimed membership was the alleged basis for his persecution).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more rigorous standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, as Singh's claim for relief under CAT relies on the same evidence the IJ deemed not credible in the asylum context and he points to no additional evidence the IJ should have considered regarding the likelihood of torture if removed to India, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.